UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Dewayne Henry,

                          Plaintiff,                      **MEMORANDUM & ORDER**
                                                                                       25-CV-02976 (DG) (TAM)

      -against-

Melinda Katz, *Queens County District Attorney*,
and Timothy J. Regan, *Assistant District Attorney*,

                        Defendants.\*
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        Plaintiff Dewayne Henry, proceeding *pro se* and incarcerated at Shawangunk Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants Melinda Katz, *Queens County District Attorney*, and Timothy J. Regan, *Assistant District Attorney* (together, "Defendants"). *See* Complaint ("Compl."), ECF No. 1.[1] Because the Complaint does not specify whether the Section 1983 claim is brought against Defendants in their individual capacities, in their official capacities, or in both capacities, *see generally* Compl., the Court construes the Complaint to be bringing the Section 1983 claim against each Defendant in both capacities.

        Pending before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*. *See* ECF No. 4. The Court grants Plaintiff's request to proceed *in forma pauperis* and, for the

---

\* The Clerk of Court is directed to amend the caption as set forth above.

[1] When citing to the Complaint, the Court uses the page numbers generated by the Court's electronic case filing system ("ECF"). Attached to the Complaint are various documents, including, *inter alia*, documents that appear to relate to a complaint filed with the State of New York Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. *See generally* ECF No. 1. The Court has considered all of Plaintiff's filings in this action and, in light of Plaintiff's *pro se* status, the Court liberally construes Plaintiff's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

reasons set forth below, dismisses the Complaint in its entirety.

## BACKGROUND

In the section of the preprinted complaint form titled "Statement of Claim" and calling for Plaintiff to state "what happened," Plaintiff states:

> In May of 2022, I started tr[ia]l for C.P.W $2^0$, Indictment # 1110-2018. The resolving matter of this case was an acquittal. During this trial A.D.A. Timothy J. Regan provided in evidence false arrest video (arrest video of some one else) also altered video (showing of 3 different video in different location but same time of arrest and police contact). A.D.A Timothy J Regan also used police statement that caused officer to perjure himself.

*See* Compl. at 3-4.

Plaintiff seeks $50,000,000. *See* Compl. at 5.

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally").

The Prison Litigation Reform Act ("PLRA") requires a district court to screen civil complaints brought by a prisoner against a governmental entity or against an officer or employee

of a governmental entity, *see* 28 U.S.C. § 1915A(a), and requires a district court to dismiss a plaintiff's complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief," *see* 28 U.S.C. § 1915A(b). The *in forma pauperis* statute requires courts to dismiss for the same reasons. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007) (applying both § 1915A and § 1915(e)(2) to a prisoner's complaint in a case in which the prisoner proceeded *in forma pauperis*).

When conducting the review required by the PLRA and the *in forma pauperis* statute, a court must "accept all 'well-pleaded factual allegations' in the complaint as true." *See Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (noting that a court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor" when reviewing a complaint pursuant to 28 U.S.C. § 1915A); *Leybinsky v. Iannacone*, No. 97-CV-05238, 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) (noting that "[f]or purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true"). "Even in a *pro se* case, however, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quotation omitted).

## DISCUSSION

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting

3

*Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).[2] To sustain a claim brought under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id*. (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

Here, even liberally construed, Plaintiff's Section 1983 claim must be dismissed because both Defendants enjoy immunity as set forth below.[3]

Plaintiff's Section 1983 claim against Defendants in their official capacities is barred by Eleventh Amendment immunity. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) (noting that "[t]he Eleventh Amendment, with few exceptions, bars federal courts from entertaining suits brought by a private party against a state in its own name" and that "[t]o the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state"); *see also Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (affirming judgment of district court and noting that claims seeking damages and brought against present and former District Attorneys and Assistant District Attorneys in their official capacities

---

[2] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

[3] The Court notes that the Complaint is devoid of factual allegations with respect to Defendant Katz and therefore even if she did not enjoy immunity here – which she does – the Complaint as against Defendant Katz nevertheless would be subject to dismissal.

4

were barred by the Eleventh Amendment); *Smith v. Troulakis*, No. 22-CV-03441, 2022 WL 3139118, at *3 (E.D.N.Y. Aug. 5, 2022) (noting that "Eleventh Amendment immunity extends to state officials acting in their official capacities, including an assistant district attorney").[4]

Plaintiff's Section 1983 claim against Defendants in their individual capacities is barred by prosecutorial immunity. *See Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (noting that it is well established that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" is "immune from a civil suit for damages under § 1983" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)); *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019).[5]

In light of the above, Plaintiff's Section 1983 claim is dismissed, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## CONCLUSION

Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 4, is granted.

For the reasons set forth above, the Complaint, ECF No. 1, is dismissed in its entirety, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).[6]

---

[4] The exceptions to sovereign immunity do not apply here. *See Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (noting that "[i]t is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity" (citations omitted)); *Smith*, 2022 WL 3139118, at *3.

[5] The allegations in the Complaint do not appear to relate to any actions by Defendants that would be outside the scope of their duties in initiating and pursuing a criminal prosecution.

[6] Notwithstanding Plaintiff's *pro se* status, such dismissal is without leave to amend as the Court finds that amendment would be futile in light of the deficiencies set forth above, which cannot be cured by better pleading. *See Haynes v. Foschio*, No. 21-1767, 2022 WL 433337, at *2 (2d Cir. Feb. 14, 2022) (noting that "[b]ecause additional pleading could not overcome the defendants' immunity, the district court properly denied leave to amend as futile" (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000))).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

                                                   */s/ Diane Gujarati*
                                                   DIANE GUJARATI
                                                   United States District Judge

Dated: October 1, 2025
       Brooklyn, New York